tained in such amounts as if duly paid by said corporation and upon filing a report as now required by the laws of the State of Kansas, by said corporation, such application, report and payment being made within six months, said Charter Board shall immediately set aside said forfeiture and cancellation of said charter and thereupon said charter shall stand as if all reports and payments required by the laws of the State of Kansas had been promptly and duly made and no forfeiture or cancellation thereof had: *Provided also,* That the corporate acts of such corporation between the date of such forfeiture and cancellation and the date of such setting aside thereof, are hereby legalized and their rights and equities preserved to them. L–1917 Chap. 120, 17–224, Revised Statutes of Kansas, 1923.

In the light of the evidence and of the pertinent provisions of the laws of Kansas, the Board is of the opinion that the taxpayer must be recognized as a corporate entity during the years involved in this appeal, and is therefore entitled to have its tax liability for the years 1919 and 1920 computed under the provisions of section 204(b) of the Revenue Act of 1918.

---

Appeal of **DOVER IRON CO.** Docket No. 1711.

Submitted March 30, 1925; decided May 8, 1925.

*Harry Friedman, Esq.,* for the taxpayer.
*B. G. Simpich, Esq.,* for the Commissioner.

Before IVINS and MARQUETTE.

This is an appeal from a determination of the Commissioner proposing to assess additional income and profits taxes for the year 1917 in the amount of $1,514.19. The additional tax results from the disallowance of a deduction as a bad debt in that year of $9,569. From the pleadings and the admissions of counsel at the hearing, the Board makes the following

FINDINGS OF FACT.

The taxpayer is a Tennessee corporation which was dissolved in 1920. The Tennessee & Cumberland Railroad Company was indebted to the taxpayer in the amount of $9,569 for advances made to it, and the said amount was ascertained to be worthless and was deducted by the taxpayer in its tax returns for the years 1910 to 1913, a portion of said indebtedness being deducted in each of those years. The amount of the indebtedness was not written off the taxpayer's books but remained thereon through the year 1917. The deduction as taken by the taxpayer was disallowed, and in making its returns for the year 1917 the debt was deducted from gross income of that year as a worthless debt. The Commissioner disallowed the deduction on the ground that the debt had been ascertained to be worthless in prior years and was not a proper deduction from gross income in the year 1917.

DECISION.

The determination of the Commissioner is approved.